(No. 75-CV-157-■■■■■■■■■■■■■)

HOWARD ROY WEITZMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 23, 1975.*

HOWARD ROY WEITZMAN, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred December 4, 1974, at the 12th Street Beach, Cook County, Chicago, Illinois. Howard Roy Weitzman, victim, seeks compensation pursuant to the provisions of the "Crime Victims Compensation Act." *Ill. Rev. Stat., 1973, ch. 70, §70, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds:

1. That the claimant, Howard Roy Weitzman, was a victim of a violent crime, as defined in §2(c) of the Act, to wit:

"Aggravated Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-4.*)

2. That on July 7, 1974, at approximately 6:30 p.m., the claimant was visiting the beach area of the 12th Street Beach with his wife, Harriet Weitzman, daughter, Ardin Weitzman, and his daughter's friend, Julie Orlensky. The claimant stated that a group of male Latinos were creating a disturbance on the beach. Several of the youths appeared to attack a couple who were sitting near the rocks. Then the group began to flee. Claimant further stated that as they passed his family, one of the Latinos knocked his daughter and his daughter's friend to the ground. Claimant then grabbed the youth who had attacked his daughter and began to punch him about the face and body. The claimant, in defense of his daughter, was on top of the Latino punching him in the face when several of the Latino friends came back. One of the youths struck the victim in and about the head and shoulder area with a baseball bat. The Latinos then fled the area on foot.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any wrongful act or provocation by the claimant, substantial enough to bar his claim.

4. That claimant was taken to the first aid station at the beach and then transported to Mercy Hospital by police car where he was treated for his injuries by Dr. Edwin S. Sinaiko. A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the

Court's file in this matter and the facts reported therein are incorporated in this opinion by reference.

5. That the victim and his assailant were not related nor sharing the same household.

6. That the criminal offense was promptly reported to law enforcement officials and claimant has fully cooperated with their requests for assistance. However, the assailants have not been identified at this time.

7. That the claimant seeks compensation for medical expenses and loss of earnings.

8. That the claimant was unable to work from July 7, 1974 to July 23, 1974, as a result of his injury, a total of 16 days.

9. That the claimant has proved to the Court's satisfaction that his loss of earnings compensable under the statute was $263.15.

10. That in addition to loss of earnings, the claimant incurred medical and hospital expenses which were not covered by insurance benefits, and the gross amount of the pecuniary loss for these items as computed before deductions and setoffs is as follows:

| | | |
|---|---|---|
| 1) | Hospital | $205.00 |
| 2) | Medical | $300.00 |
| | | $505.00 |

11. That, in determining the amount of compensation to which an applicant is entitled, §7(d) of the Act states that this Court—

(d) "shall deduct $200.00 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source, (except annuities, pension plans, Federal social security benefits and the net proceeds of the first ($25,000) Twenty-five Thousand Dollars of life insurance that would inure to the benefit of the applicant . . .)."

12. That, in the claim before us, the claimant has not received any benefits from other sources which must be deducted from his loss, as contemplated by §7(d) of the Act. The statutory deduction of $200.00, having been deducted from the gross amount of loss as calculated in paragraphs 9 and 10, leaves a loss compensable under the Act of $568.15. Hence, the claimant is entitled to an award in the amount of $568.15. i.e.

It Is Hereby Ordered that the sum of $568.15 be awarded to Howard Roy Weitzman, as an innocent victim of a violent crime.